```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

YEVETTE M. PAULDING Individually as Parent
and Natural Guardian of JDF,

                                              Plaintiffs,

                                                 v.

**Hon. Hugh B. Scott**

10CV712S

**Order**

CITY OF BUFFALO, et al.,
                                              Defendants.

Before the Court is plaintiff's motion for extension of time to complete service upon John Doe defendants (Docket No. 12). Responses to this motion were due by January 18, 2011, and the motion was then deemed submitted (without reply or oral argument) (Docket No. 13). Defendants did not respond to this motion.

## BACKGROUND

This is a civil rights action alleging excessive force, unreasonable seizure, deprivation of liberty, race discrimination, cruel and unusual punishment, negligent hiring and training, battery, violation of Family Court Act, false arrest, and false imprisonment in the arrest of a fifteen-year-old youth in Buffalo, New York (Docket No. 1, Compl.). The infant plaintiff JDF was stopped by Buffalo Police Department Officer John Beyer on Shirley Avenue, Buffalo, New York, on May 31, 2009, who yelled for JDF to stop and, when he failed to do so, drove his patrol car in front of JDF, yelled for him to get to the ground immediately, and allegedly threw JDF to the ground, kicking and punching him (id. ¶¶ 20-26). JDF was handcuffed placed in the patrol car

and taken to the E District headquarters, where he was allegedly yanked out of the car and interrogated without his parents or counsel present or being advised of his Miranda rights, "all the while using racial epithets" (id. ¶ 29). JDF then was transported down to Buffalo Police Department headquarters where officers continued to question him without his parents or counsel being present and with officers continuing to use racial epithets (id. ¶ 30). JDF was charged in Family Court with resisting arrest and obstruction of governmental administration but these charges were resolved by an adjournment in contemplation of dismissal and all charged were eventually dismissed (id. ¶¶ 31-33).

JDF's mother, Yevette Paulding, is the plaintiff in this case (id. ¶ 1). She was later handcuffed and taken into custody following the incidents with her son (id. ¶¶ 42, 35-41), without being advised of her rights or being told why she or her son were under arrest (id. ¶¶ 43-48). No charges were alleged against plaintiff (id. ¶ 49).

The Complaint names as defendants the City of Buffalo, Buffalo Police Officer Beyer, and John Doe officers I through XV, sued in their official and individual capacities (id. ¶¶ 4, 5, 7-9, 10). John Does I through V are Buffalo Police Department employees (including an unnamed police department lieutenant) who were present during JDF's arrest, observing the arrest and allegedly failing to intervene (id. ¶¶ 7, 27-28). John Does VI through X were other Buffalo Police Department employees stationed at E District headquarters, 2767 Bailey Avenue, Buffalo, New York, where JDF was initially transported (id. ¶¶ 8, 29); while John Does XI through XV were Buffalo Police Department employees stationed at Police Headquarters, at 74 Franklin Street, Buffalo, New York, where JDF was next taken (id. ¶¶ 9, 30). As pertaining to the John Doe defendants, the Fourth Claim alleges that the John Doe defendants used racial epithets

during JDF's period of false imprisonment (id. ¶¶ 72, 73-74). The Sixth Claim alleges negligent hiring and training of defendants Beyer and the John Doe officers (id. ¶¶ 82-91). In the Eighth Claim, the John Doe defendants violated the New York State Family Court Act in not contacting JDF's parents while he was in police custody (id. ¶¶ 98-104). The Ninth and Tenth Claims allege that defendants falsely arrested and imprisoned JDF (id. ¶¶ 106-111, 113-19).

Defendants (presumably the John Does) answered on October 13, 2010 (Docket No. 4).

Plaintiff now moves for extension of time to serve the John Doe defendants. She had reviewed defendants' initial Rule 26(a) disclosure and found that it did not identify or provide information leading to the identities of the John Does (Docket No. 12, Pl. Atty. Decl. ¶¶ 2, 4-5, Ex. A). Defendants' initial disclosure does not name the other officers at the site of the arrest, at E District, or headquarters (cf. id. Ex. A). Plaintiff has served various discovery demands requesting the names of these John Doe offices and expects to learn this information once defendants respond to this discovery (id. ¶¶ 6, 7, Ex. B). Plaintiff contends that she has shown good cause for an extension of time (id. ¶¶ 9, 8).

## DISCUSSION

Under Federal Rule of Civil Procedure 4(m), "if 'a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time,'" Lawrence v. City Cadillac, No. 10 Civ. 3324, 2010 U.S. Dist. LEXIS 132761, *27 n.2 (S.D.N.Y. Dec. 9, 2010) (quoting Rule 4(m)), "but if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period," Fed. R. Civ. P. 4(m). "A 'district court's determinations on whether good cause is present (and,

3

if so, how long an extension would be appropriate) are exercises of discretion.' Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007)," De La Rosa v. New York City 33 Precinct, No. 07 Civ. 7577, 2010 U.S. Dist. LEXIS 126698, at *11 (S.D.N.Y., Nov. 23, 2010). Rule 4(m) discretionary extension of time is to allow plaintiff to complete service, see Kurzberg v. Ashcroft, 619 F.3d 176, 181 (2d Cir. 2010); Zapata v. City of N.Y., 502 F.3d 192, 196 (2d Cir. 2007) (district court has discretion to grant extension under Rule 4(m) even in absence of good cause); Vargas v. Ciarletta, No. 09 Civ. 8981, 2010 U.S. Dist. LEXIS 117515, at *5 & n.20 (S.D.N.Y., Nov. 4, 2010) (same, granting extension for pro se inmate plaintiff to serve retiree defendants).

In civil rights cases such as this one, invocation of Rule 4(m) often occurs when the plaintiff is either a prisoner or is proceeding pro se and invokes the Court's assistance in identifying and locating defendants, see Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997) (per curiam) (Second Circuit orders district court to assess governmental defendant efforts to assist pro se plaintiff in identifying and locating John Doe defendants). But nothing under the Rule restricts its application if the plaintiff is represented.

Rule 26(a)(1)(A)(i) requires parties, without awaiting discovery demands, to provide to their opponents "the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses . . . ."

Here, plaintiff has sought the identities of the John Doe defendants through counsel. She received insufficient Rule 26(a) disclosures. Defendants referred plaintiff to the Corporation Counsel for Rule 26(a)(1)(A)(i) contact, identifying the Police Department as the agency likely to

4

have information regarding this matter (Docket No. 12, Pl. Atty. Decl. Ex. A). This disclosure did not provide the names of these witnesses, some of whom may be the John Doe defendants. Implicit with plaintiff's motion for extension of time is one to compel defense answers to its discovery demands and initial disclosure. Granting plaintiff's motion implies defendants' compliance with discovery rules and plaintiff's discovery demands to identify the John Doe defendants.

## CONCLUSION

For the reasons stated herein, plaintiff's motion for extension of time to serve John Doe defendants is **granted**; plaintiff has 120 days (or until **May 26, 2011**) to serve the identified John Does.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
January 26, 2011