UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YEVETTE M. PAULDING Individually and as Parent and Natural Guardian of JDF,

Plaintiffs,

**Hon. Hugh B. Scott**

10CV712S

v.

**Order**

CITY OF BUFFALO, et al.,

Defendants.

Before the Court is plaintiffs' motion to compel (Docket No. 28). This Order follows the in camera review of the personnel and disciplinary records of Buffalo Police Lt. Thomas Leatherbarrow and officer John Beyer, pursuant to an earlier Order of this Court (Docket No. 35, Order of Nov. 1, 2011), familiarity with which is presumed.

Defendants timely submitted the materials for in camera review on November 28, 2011.

## BACKGROUND

This is a civil rights action alleging excessive force, unreasonable seizure, deprivation of liberty, race discrimination, cruel and unusual punishment, negligent hiring and training, battery, violation of Family Court Act, false arrest, and false imprisonment in the arrest of a fifteen-year-old youth, JDF, and the arrest of his mother, Yevette Paulding, in Buffalo, New York (Docket No. 1, Compl.; Docket No. 20, Am. Compl.). This case arises from a stop of plaintiff JDF by Buffalo Police Department Officer Beyer on May 31, 2009. Plaintiffs allege that Beyer assaulted

and falsely arrested JDF, and later handcuffed and detained JDF's mother, plaintiff Yevette Paulding. Plaintiff Paulding was never charged.

Plaintiffs move to compel complete answers to their Interrogatories and document demands from Lt. Leatherbarrow and Officer Beyer. Specifically, plaintiffs want the disciplinary records of these two officers (Docket No. 30, Pls. Atty. Amended Decl. ¶¶ 3-6, Ex. A). They asked for the same in Interrogatories seeking information about incidents in the last ten years of litigation in which Beyer or Leatherbarrow were accused of applying excessive force (id. ¶¶ 8, 11, Ex. A). Defendants invoked New York State Civil Rights Law § 50-a as precluding disclosure (id. ¶¶ 5, 7, 9, 12, Exs. B, C, D, F).

This Court recognized that Civil Rights Law § 50-a did not create an evidentiary privilege recognized by federal courts to preclude discovery, Pierce v. Ottaway, No. 06CV644, 2009 U.S. Dist. LEXIS 21866, at *9-11 (W.D.N.Y. Mar. 18, 2009) (Curtin, J.); see also Martin v. Lamb, 122 F.R.D. 143, 147 (W.D.N.Y. 1988) (Fisher, Mag. J.) (Docket No. 35, Order of Nov. 1, 2011, at 4-6). The Court then ordered the in camera inspection of Beyer and Leatherbarrow's records to determine their relevance to plaintiffs' discovery demands and whether they should be disclosed to plaintiffs.

**DISCUSSION**

Before deciding the relevance and balancing the interest in keeping these records confidential, this Court must review the personnel records in question in camera, Pierce, supra, 2009 U.S. Dist. LEXIS 21866, at *2, 9-10; Martin, supra, 122 F.R.D. at 147, 148. In Pierce, Judge Curtin found after in camera inspection that there was nothing "remotely relevant" to

plaintiff's claims in the officers' personnel records, Pierce, supra, 2009 U.S. Dist. LEXIS 21866, at *10-11.

If the personnel and disciplinary records indicate that the officer was exonerated from any disciplinary complaints charged, those records need not be produced, see Law v. Cullen, 613 F. Supp. 259, 262 (S.D.N.Y. 1985) (unsubstantiated civilian complaints merely charges, not actual findings of abuse); see also Hart v. Goord, No. 08CV681, 2010 U.S. Dist. LEXIS 39888, at *5 (W.D.N.Y. Apr. 22, 2010) (Scott, Mag. J.) (denying discovery of grievances against corrections officer found to be unsubstantiated, with its probative value being quite limited); Woodward v. Mullah, No. 08CV463, 2010 U.S. Dist. LEXIS 77065, at *8 (W.D.N.Y. July 29, 2010) (McCarthy, Mag. J.); Rasmussen v. City of New York, No. 10 Civ. 1088, 2011 U.S. Dist. LEXIS 10089, at *24-28 (E.D.N.Y. Feb. 2, 2011)(court there recognized that plaintiffs, in making argument that authorities in other cases erred in not finding substantial claims of abuse, took upon themselves the burden of showing that "every other unsubstantiated complaint on which they rely entailed a constitutional violation" and that the sample of cases cited were representative in order to resist a defense summary judgment motion).

I. Lt. Thomas Leatherbarrow's Records

This Court has reviewed the personnel and disciplinary records of Lt. Leatherbarrow produced by defendants. The personnel records consist of pay and financial records, attendance and other personnel records, and various commendations noted in Lt. Leatherbarrow's file. They do not indicate any litigation or claims commenced against this officer. These materials are not remotely relevant to plaintiffs' claims and therefore **are not to be produced**.

Lt. Leatherbarrow's disciplinary records includes a 2008 complaint for which he was exonerated, finding that insufficient evidence exists to clearly prove the allegations. These records **are not to be produced**.

II. Officer John Beyer's Records

Similarly, Officer Beyer's personnel records consist of pay and financial records, attendance and other personnel records and also do not indicate any claims commenced against him. Again, these records are not remotely relevant to plaintiffs' claims and **are not to be produced**. As for his disciplinary records, defendants produced three incidents during the requested period and they consisted of two arising from the incidents in this action (one directly involving juvenile JDF and another involving a relative attempting to intervene in the arrest of JDF) and an alleged use of force in 2010. In the latter, the accusation was not sustained. As to the 2010 incident, that record **should not be produced**. As to the disciplinary records arising from this incident, Beyer was exonerated by the Professional Services Division and the Police Commissioner. Nevertheless, these documents are relevant to this case because they come from this incident. Some of the items in this report probably have been produced in other forms to plaintiffs. Defendants **are to produce** the disciplinary records for Officer Beyer stemming from this incident.

CONCLUSION

For the reasons stated above, regarding so much of plaintiffs' motion to compel (Docket No. 28) seeking production of the individual defendant's personnel or disciplinary records, this motion is **denied in part, granted in part** as discussed above. In particular, Officer Beyer's disciplinary records from the incident at issue in this case (Internal Numbers 2009-073 and 2009-

074) **are to be produced**; the remainder of the disciplinary files and both defendants' personnel files **are not to be produced**. Defense counsel shall make arrangements with Chambers of the undersigned to retrieve the copies of the in camera documents reviewed by this Court.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
December 5, 2011